UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIM KAMEL ODEH,

       Plaintiff,                                 Civil Action No.
                                                    14-cv-11901

vs.

                                                   HON. MARK A. GOLDSMITH

SENTRY INSURANCE, A MUTUAL
COMPANY,

       Defendant,

And

SENTRY INSURANCE, A MUTUAL
COMPANY,

       Third-Party Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Third-Party Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO
REMAND CASE TO WASHTENAW COUNTY CIRCUIT COURT (Dkt. 16)**

**I. INTRODUCTION**

      This insurance dispute is before the Court on Plaintiff Ibrahim Kamel Odeh's motion to remand (Dkt. 16). Defendant/Third-Party-Plaintiff Sentry Insurance, a Mutual Company, removed the matter to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiff argues that Defendant has not shown that the amount-in-controversy

1

requirement is satisfied to support diversity jurisdiction. The Court agrees, and therefore remands this case to Washtenaw County Circuit Court, pursuant to 28 U.S.C. § 1447(c).

## II. BACKGROUND

On May 14, 2013, Plaintiff was involved in an automobile accident due to the negligence of a third party. Compl. ¶ 4 (Dkt. 1-2). The factual details concerning the accident are not clearly set forth in the Complaint. However, Plaintiff claims that he was seriously injured in the incident. See Renewed Mot. to Remand at 2 (Dkt. 16).

Plaintiff alleges that, at the time of the incident, a contract existed between him and Defendant covering him for automobile insurance. Compl. ¶ 5. Plaintiff also asserts that this policy was issued pursuant to Public Act No. 294 of the Public Acts of 1972, commonly known as the "Michigan No-Fault Law." Id. Plaintiff further claims that Defendant also had a statutory duty that covers Plaintiff under that law. Id. ¶ 6. However, Plaintiff maintains that, despite his incurring reasonable and necessary expenses from the incident, Defendant neglected and refused to pay the benefits "due and owing" to Plaintiff, thereby breaching the contract and/or Defendant's statutory duty. Id. ¶¶ 7, 9.

Plaintiff filed the instant action against Defendant in Washtenaw County Circuit Court in April 2014. See Compl. Plaintiff requested that the court "enter a judgment against the Defendant . . . pursuant to . . . the Michigan No-Fault Act in the total amount found to be due and owing at the time of trial, plus statutory interest of twelve (12%) percent and actual attorney fees sustained in this case." Id. at 3. Plaintiff also claimed that the "amount in controversy does exceed Twenty Five Thousand ($25,000.00) Dollars." Id. ¶ 3.

Defendant removed the case to this Court on the basis of diversity jurisdiction. See Notice of Removal (Dkt. 1). In its notice of removal, Defendant asserted the following with respect to the amount-in-controversy requirement:

> a. Plaintiff is seeking damages for alleged injuries from an automobile accident. In his Complaint, he states that he sustained "reasonable and necessary expenses as provided for in the Michigan No-Fault Act, M.C.L.A. 500.3101 et seq." . . .
>
> b. Consistent with state court practice, Plaintiff's Complaint does not specify the sum sought as damages.
>
> c. Although the Defendants [sic] deny any liability, if the above allegations are proven to be true, and based upon the information presently available, the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest, costs and attorney fees.

Id. at 2-3. In support of its position that the amount in controversy exceeds $75,000, Defendant cited an affidavit by Defendant's counsel, which provides, in relevant part, as follows:

> 4. I understand the Plaintiff's injuries are alleged as follows:
>
>> a. Burns to the face;
>>
>> b. Loss of left eye;
>>
>> c. Corneal abrasions to the right eye;
>>
>> d. Closed head injury;
>>
>> e. Neck injury.
>
> 5. In my experience being an insurance defense attorney for more than 22 years, the No-Fault benefits associated with the above injuries and procedures are far greater than $75,000. . . .
>
> 7. Moreover, Defendant Sentry shall be seeking recoupment of Four Hundred Thirty-Three Thousand Eight Hundred Twenty-Four Dollars and Two Cents ($433,824.02) of benefits wrongfully paid to or on behalf of the Plaintiff.

John Eads Aff. (Dkt. 1-3).

Defendant subsequently filed a third-party complaint against State Farm Mutual Automobile Insurance Company ("State Farm") (Dkt. 6). Defendant alleges that either Plaintiff or his father had an automobile insurance policy with State Farm, and that State Farm is the "no-fault insurer of highest priority." See Third-Party Compl. ¶¶ 8, 10. Therefore, Defendant seeks a declaratory judgment that State Farm is the responsible insurer, as well as reimbursement for "any and all no-fault benefits paid to and on behalf of [Plaintiff], plus 12% interest, costs, and attorney fees." Id. ¶¶ 16-17. Defendant claims the amount that it already (and allegedly improperly) paid is over $400,000. Id. ¶ 15.

Plaintiff subsequently filed the instant motion to remand, claiming that the amount-in-controversy requirement for diversity jurisdiction had not been met. See Renewed Mot. to Remand (Dkt. 16).[1] Defendant filed a response (Dkt. 17), the Court ordered supplemental briefing (Dkt. 19), and the parties submitted supplemental briefs (Dkts. 20, 21). The Court also determined that oral argument would not assist with resolution of the motion. See 8/4/14 Order (Dkt. 18).

### III. STANDARD FOR DIVERSITY JURISDICTION

A federal district court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).[2] A defendant seeking to remove a case to federal court under section 1332(a) "has the burden of proving the diversity jurisdiction requirements." See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).

---

[1] Plaintiff originally filed his motion to remand on June 11, 2014. See Mot. to Remand (Dkt. 13). The Court struck this motion for failure to comply with Eastern District of Michigan Local Rule 7.1. See 6/16/14 Order (Dkt. 14). Plaintiff filed his renewed motion to remand thereafter.

[2] The parties do not dispute that the citizenship requirement has been met. Plaintiff is a citizen of Michigan and Defendant is a citizen of Wisconsin. See Notice of Removal at 2.

In cases where the plaintiff "seek[s] to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds $75,000." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006) (quotation marks and citation omitted).

When determining the amount in controversy, the focus is on the object of the litigation at the time of the removal; in other words, "jurisdiction is determined as of the time of removal." Rogers, 230 F.3d at 872.

It is well-established that "all doubts should be resolved against removal." CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc., 521 F. Supp. 2d 619, 621 (W.D. Mich. 2007) (quoting Harnden v. Jayco, Inc., 496 F.3d 579, 581 (6th Cir. 2007)).

## IV. DISCUSSION

### A. Parties' Arguments

Plaintiff argues that the amount-in-controversy requirement is not met because the only outstanding medical bills and unpaid wage loss at the time of removal totaled $24,562, consisting of $12,662 in medical bills and $11,900 in lost wages. See Renewed Mot. for Remand at 3.[3] In support of this claim, Plaintiff attaches to his motion various invoices and a rough calculation of his lost wages. See E.D. Mich. Local Rule 81.1(d). Plaintiff claims that any amounts Defendant already paid — i.e., the over $400,000 alleged by Defendant as includable — are not considered

---

[3] Plaintiff's wage-loss calculation is based on the period from 1/19/2014 to "20 weeks" later, i.e., June 8, 2014. Renewed Mot. to Remand at 3; see also Wage Loss Calculation (Dkt. 16-5). However, Defendant removed this action on May 12, 2014. See Notice of Removal. Neither party addresses whether the wage loss from May 12, 2014 to June 8, 2014 should be included in the amount-in-controversy calculation.

in the amount-in-controversy calculation because they "have been paid." Renewed Mot. for Remand at 3.

Defendant responds that the amount-in-controversy requirement has been met for a number of reasons. First, Defendant argues that Plaintiff claims he has suffered serious injuries. Therefore, relying almost exclusively on the district-court decision in <u>Rhynard v. State Farm Mutual Automobile Insurance Company,</u> No. 12-10219, 2012 WL 1806141, at *2-4 (E.D. Mich. May 17, 2012), Defendant suggests the Court should include the value of any potential future medical bills and lost wages in calculating the amount in controversy. <u>See</u> Def. Resp. at 11-12. Second, Defendant argues that Plaintiff's claim that only $24,562 is in controversy is belied by his Complaint, which specifically states that over $25,000 is in controversy. <u>See id.</u> at 11 (citing Compl. ¶ 3). Third, Defendant claims that the amount in controversy must exceed $75,000 because Plaintiff refused to stipulate that his recovery in this case may not exceed that amount. <u>Id.</u> at 2. Finally, Defendant notes that it disputes whether it should have paid the earlier benefits (totaling over $400,000), and it has filed a third-party claim to recover this amount. Def. Supp. Br. at 4-5 (Dkt. 21). Defendant thus argues that these payments also should be included in determining the amount in controversy. <u>Id.</u> The Court addresses each argument in turn.

**B. Analysis**

   **1. Plaintiff's Requested Relief**

As described above, Plaintiff claims federal jurisdiction is lacking, because, at the time of removal, he had only incurred $24,562 in outstanding, unpaid benefits. Renewed Mot. to Remand at 3.

As discussed, Defendant first argues that Plaintiff likely will incur additional medical bills and lost wages in the future — amounts that are payable under Michigan's No-Fault

insurance law. See Def. Resp. at 11-12. However, the Court finds that these amounts are irrelevant for purposes of determining diversity jurisdiction. In Massachusetts Casualty Insurance Company v. Harmon, 88 F.3d 415, 416-417 (6th Cir. 1996), the Sixth Circuit set forth the standard for determining whether to include potential future disability benefits in determining the amount in controversy:

> The clear federal rule is that where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount. . . . In contrast, future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy.

Id. This same rule has been applied to claims for an insurer's alleged refusal to pay no-fault benefits. See, e.g., Logan v. Allstate Ins. Co., No. 13-10028, 2013 WL 8338107, at *2-3 (E.D. Mich. May 10, 2013); Spawr v. Encompass Ins. Co., No. 08-614, 2008 WL 4534411, at *2 (W.D. Mich. Oct. 2, 2008); see also J.D. ex rel. Braverman v. ABM Amtech Inc., No. 05-40393, 2006 WL 273623, at *2 (E.D. Mich. Jan. 31, 2006).

Although the Sixth Circuit did not expound upon its reasoning in Harmon, various other federal courts have explained the reason for excluding future potential benefits from the amount-in-controversy determination when the validity of the policy is not in dispute. For example, in Beaman v. Pacific Mutual Life Insurance Company, 369 F.2d 653, 655 (4th Cir. 1966), the court explained, as follows:

> [A]ll that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change over time, it is

>impossible to say that the controversy exists as to any disability payments except such as have accrued.

Id. (quotation marks and citation omitted). Other courts have similarly relied on the speculative nature of future potential benefits that had not accrued at the time of removal in refusing to consider these benefits for purposes of calculating the amount in controversy. See, e.g., Pellowe ex rel. Pellowe v. Conseco Senior Health Ins. Co., No. 06-27, 2006 WL 1308094, at *2 (W.D. Mich. May 9, 2006) ("The matter in controversy involves only the liability of the insurance company to make the payments already accrued. No controversy exists in this action as to any disability payments under the contract in the future. The insurance company may or may not decline to pay them, and facts occurring subsequent to the filing of this action may completely justify its refusal to make future monthly payments even though the result of this action obligates it to pay those already accrued." (quotation marks and citation omitted)).

Defendant argues that it is challenging the validity of the insurance policy because it believes the amounts previously paid — over $400,000 in benefits — should have been covered by State Farm instead. Def. Supp. Br. at 4-5. But Defendant does not claim that the underlying policy at issue in Plaintiff's claim is unenforceable or should be rescinded. For example, Defendant does not claim that contract was procured by fraud or false pretenses; rather, Defendant argues that it should not have had to pay the benefits initially because another insurer purportedly had higher priority. In other words, Defendant challenges the extent of its obligations under the policy, not whether the policy itself is valid. Therefore, under Harmon, the Court cannot consider potential benefits not yet incurred at the time of removal in determining the amount in controversy. See Mathis v. Encompass Ins. Co., No. 08-12838, 2008 WL 4279357, at *2-3 (E.D. Mich. Sept. 15 2008) (remanding matter, despite anticipated future expenses by plaintiff, because those costs had not been incurred at the time of removal and there

was no certainty that they would be incurred); Logan, 2013 WL 8338107, at *3 ("[O]ther potential future benefits — such as Plaintiff's potential future need for surgery — may not be taken into consideration in calculating the amount in controversy at the time of removal."); Francis v. Madison Nat. Life Ins. Co., No. 09-12345, 2009 WL 2390579, at *2-5 (E.D. Mich. July 31, 2009) (same); J.D. ex rel. Braverman, 2006 WL 273623, at *2 ("Any expenses incurred by Plaintiff in the future, after removal, for which Plaintiff may seek reimbursement, will not affect the Court's determination of whether diversity jurisdiction exists.").

Given the Sixth Circuit's binding decision in Harmon, the Court also is not convinced by Defendant's nearly-exclusive reliance on the district-court's decision in Rhynard v. State Farm, 2012 WL 1806141, at *2-4. The court in that case did conclude that all expenses, including potential post-removal costs that had yet to be incurred, should be considered when determining the amount in controversy. See id. at *4 ("Defendant is potentially responsible for unlimited lifetime medical benefits, as well as other benefits under the Act."). However, that decision does not cite, nor appear even to consider, the Sixth Circuit's decision in Harmon. Therefore, the Court respectfully disagrees with the court's conclusion in Rhynard. See Logan, 2013 WL 8338107, at *3 n.1 (rejecting a defendant's reliance on Herring v. State Farm Mut. Auto. Ins. Co., No. 05-73556, 2005 WL 3071902 (E.D. Mich. Nov. 16, 2005), a decision similar to Rhynard, because "Herring does not cite Harmon and appears to be inconsistent with Harmon, as the district court considered future potential benefits in calculating the amount-in-controversy requirement").

Nor is the Court persuaded by Defendant's argument that the amount in controversy cannot be $24,562, as alleged by Plaintiff, because Plaintiff's Complaint expressly states that the amount in controversy exceeds $25,000. Plaintiff seeks recovery of costs due and owing "at the

9

time of trial." Compl. at 3. It is possible that Plaintiff's total damages over the course of the litigation — including potential medical bills that arise before trial and/or continued lost wages that Defendant may continue to refuse to pay — ultimately may make the value of this case greater than $25,000. But this is entirely speculative and not based on costs incurred at the time of removal. Indeed, it is possible that the total amounts incurred up to trial, even if Plaintiff believes they are entirely reimbursable, will remain above $25,000, but well below $75,000. It also is possible that Plaintiff may agree that some future, not-yet-incurred costs are not reimbursable, which could result in bringing the amount in controversy to above $25,000, but below $75,000. It also is possible that Plaintiff may not incur any additional costs. And it is possible that State Farm may agree to cover some or all of any potential post-removal costs, which could lead to Plaintiff not seeking these benefits from Defendant at all. The speculative nature of these not-yet-incurred, post-removal, potential costs is precisely why they are not considered.

It is undisputed that between May 2013 and May 2014 (i.e., the time of removal), the only unpaid costs that Plaintiff had incurred — and thus that may have been payable under Michigan's No-Fault statute — remained below $25,000. See Mich. Comp. Laws § 500.3107 (outlining insurance benefits payable for expenses "incurred"). Considering any other future, possible post-removal damages would violate Harmon. Accordingly, the Court rejects Defendant's argument that Plaintiff's Complaint undermines his motion to remand.

Lastly, the Court is not persuaded by Defendant's argument that Plaintiff's refusal to stipulate to setting recovery at below $75,000 gives the Court jurisdiction. As explained, the proper inquiry for determining diversity jurisdiction is to consider the amount in controversy at the time of removal. Rogers, 230 F.3d at 872. Here, Plaintiff has provided evidence that his

10

unpaid bills and lost wages at the time of removal totaled well under $75,000; Defendant has provided no evidence to the contrary. The Sixth Circuit has expressly stated that a plaintiff's post-removal stipulation or reduction of claimed amount in controversy does not affect the court's analysis, "[b]ecause jurisdiction is determined as of the time of removal." Id. (concluding that a "post-removal stipulation . . . does not" divest federal courts of jurisdiction). Defendant has offered no reason for treating differently a plaintiff's post-removal refusal to stipulate to limiting damages to less than $75,000. See Logan, 2013 WL 8338107, at *2 (implicitly rejecting argument that the plaintiff's refusal to stipulate to damages under $75,000 satisfies the amount-in-controversy requirement).

In short, Defendant fails to explain how Plaintiff's incurred costs at the time of removal cross the $75,000 threshold — with or without consideration of attorney fees and/or statutory interest.[4] Therefore, Defendant has not met its burden of establishing diversity jurisdiction.

**2. Defendant's Third-Party Claim**

Defendant also claims that the amount-in-controversy requirement is satisfied because Defendant wrongfully paid over $400,000 in benefits to Plaintiff or on his behalf. Def. Supp. Br. at 3-5; Eads Aff. ¶ 7 ("Moreover, Defendant Sentry shall be seeking recoupment of Four Hundred Thirty-Three Thousand Eight Hundred Twenty-Four Dollars and Two Cents ($433,824.02) of benefits wrongfully paid to or on behalf of the Plaintiff."). Defendant uses the third-party complaint it filed against State Farm after Defendant removed this case as evidence

---

[4] The parties have not briefed whether fees and interest should be included in determining the amount in controversy, nor has either party explained why this would or would not impact the jurisdiction analysis. Therefore, the Court declines to address this issue because Defendant has not met its burden of proving that these amounts would make a difference in establishing diversity jurisdiction, even if they were included. See Logan, 2013 WL 8338107, at *3.

that this is an "amount in controversy" for purposes of diversity jurisdiction. See Def. Supp. Br. at 4.

This argument fails. Defendant has provided no authority suggesting that the Court should consider a third-party complaint, filed after removal, when determining the amount in controversy for the plaintiff's original, removed action. To the contrary, authority within this circuit suggests otherwise, particularly given the permissive nature of the third-party claim and its post-removal-filing status. See Firestone Fin. Corp. v. Syal, 327 F. Supp. 2d 809, 810-812 (N.D. Ohio 2004) (rejecting a defendant's argument that the court should consider a third-party complaint in determining the amount in controversy); see also CMS N. Am., Inc., 521 F. Supp. 2d at 623-630 ("Because the counterclaim was not present in the case before removal, considering the damages sought by the counterclaim when determining the amount in controversy . . . would violate the rule that whether an action could have been brought in federal court originally is determined by the amount in controversy at the time of removal." (quotation marks and citation omitted)). Cf. Loker v. Metro. Prop. and Cas. Ins. Co., No. 08-2572, 2008 WL 5378347, at *3 (N.D. Ohio Dec. 22, 2008) (explaining why courts should not consider a defendant's compulsory counterclaim when determining the amount in controversy). The Court finds the reasoning of these cases persuasive. Therefore, Defendant's dispute with State Farm over Defendant's past payment of benefits is irrelevant to whether the amount-in-controversy requirement is satisfied with respect to Plaintiff's claim for relief.

## V. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's renewed motion to remand (Dkt. 16) for lack of subject matter jurisdiction, and remands this case to Washtenaw County Circuit Court pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: October 31, 2014  　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2014.

　　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　　JOHNETTA M. CURRY-WILLIAMS
　　　　　　　　　　　　　　　　　　　CASE MANAGER